UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO LAMONT SIMS,

        Appellant,

v.                                         CAUSE NO. 3:20-cv-125 DRL

BANK OF NEW YORK,

        Appellee.

## OPINION & ORDER

Mr. Mario Sims sought to stop the judicial sale of his real property as initiated by the Bank of New York Mellon by filing a Chapter 13 bankruptcy case. Proceeding *pro se*, he now appeals various decisions of the bankruptcy court arguing that (1) he was denied due process when the bankruptcy court held a hearing without notice to him, (2) the bankruptcy judge erred in not recusing, (3) the bankruptcy court erred in denying his motion to continue the trial, and (4) the bankruptcy court erred in granting the bank's motion to lift stay. The court affirms the bankruptcy court's decisions.

## BACKGROUND

On August 9, 2005, John Tiffany (a non-party) obtained a loan in the amount of $120,000 from FMF Capital LLC [BD 173-3 at 4]. He executed an adjustable rate note in favor of FMF Capital LLC and a mortgage securing the payment of the note. The mortgage secured real property located at 23778 Grove Street, South Bend, Indiana 46628. FMF Capital LLC assigned the mortgage to the Bank of New York [BD 173-5 at 4].

In October 2008, Mr. Tiffany entered into a contract for the sale of real estate with Mr. Sims and his wife [BD 173-5 at 5]. Mr. Sims agreed to pay Mr. Tiffany $185,000 over three years for title to the Grove Street property [*Id.*].

On June 22, 2011, Mr. Tiffany filed a bankruptcy petition under Chapter 7 [*see* BD 173 ¶ 8]. In response, Mr. Sims initiated an adversary proceeding against Mr. Tiffany objecting to Mr. Tiffany's discharge of debt [*Id.* ¶ 9]. To settle the adversary proceeding, Mr. Tiffany transferred the Grove Street property to Mr. Sims by way of quitclaim deed dated March 13, 2012 [BD 173-5 at 13]. The adversary proceeding was dismissed.

On May 31, 2013, an entry of *in rem* judgment and decree of foreclosure was entered in favor of the Bank of New York in a foreclosure case it filed against Mr. Tiffany, Mr. Sims, and others [BD 173-10]. The mortgage on the Grove Street property was foreclosed, along with the equity of redemption of Mr. Tiffany, Mr. Sims, and others [*Id.*]. The property was to be sold at sheriff's sale to satisfy the debt.

On July 10, 2018, Mr. Sims filed a voluntary petition for bankruptcy under Chapter 13 [BD 1]. The sheriff's sale scheduled for July 12, 2018 was stayed as a result. The amount due the Bank of New York under the foreclosure judgment consists of $126,257.96, interest of $100,146.49, fees of $15,274.25, and escrow advances of $44,236.35 [BD 173-3 ¶ 15].

On January 18, 2019, Mr. Sims filed a proof of claim on behalf of the Bank of New York for $43,620. The Trustee objected to the claim as untimely because the last day for filing a non-governmental claim was September 18, 2018 [BD 75]. On February 4, the bankruptcy court scheduled a hearing for February 28, 2019 to address the Trustee's objection to Mr. Sims' claim [BD 89]. A certificate of mailing was filed acknowledging that the notice was sent via first class mail [BD 90]. Mr. Sims did not appear at the hearing. The bankruptcy court sustained the Trustee's objection to claim number 6 [BD 110].

On February 7, 2019, Judge Harry C. Dees, Jr., the presiding bankruptcy judge at the time, held a hearing to address several matters [BD 55, 58, 66, 93]. The following exchange occurred:

> THE COURT: Mr. Sims, I'll give you one more chance to argue, and I'll ask you to refrain from shouting at me.

2

>MR. SIMS: Shouting, Your Honor? I'm sorry.
>
>THE COURT: You were raising your voice excessively, yes.
>
>MR. SIMS: I'm sorry, Your Honor. Sometimes with African Americans, we're accused of shouting and being angry when, in fact, we don't intend that. I'm a pastor, this is the way I speak to my congregation.
>
>THE COURT: Well, I'm not your congregation.

[BD 94 at 21]. A couple weeks later Mr. Sims filed a motion to recuse Judge Dees, which wasn't filed in this underlying bankruptcy proceeding but rather a related adversary proceeding filed against the Trustee and others (not the Bank of New York), Case No. 19-03012.

On March 5, 2019, Judge Dees issued an order recusing himself from the case [BD 109]. The case was reassigned to Judge Robert E. Grant [BD 111].

After Mr. Sims' fourth amended chapter 13 plan was approved [BD 171], the Bank of New York filed an amended motion for relief from the automatic stay and abandonment of real property [BD 173]. The bankruptcy court scheduled a trial on the motion for relief, but two days before trial Mr. Sims filed a motion to continue it [BD 182]. He argued that he should receive additional information about the bank's intended witnesses and their testimony, and exhibits. [*Id.*]. The bankruptcy court denied the motion to continue because Mr. Sims "had the opportunity to conduct discovery concerning [the Bank of New York's] motion for relief from stay ever since that motion was filed in October of 2019" [BD 183].

The bankruptcy court held a trial on January 23, 2020 and granted the Bank of New York's motion for relief from stay and abandonment of the property to allow it to proceed with the foreclosure of the property [BD 184].

## STANDARD

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to hear appeals from bankruptcy courts. Bankruptcy Rule 8013 provides that "[o]n an appeal the district court . . . may

3

affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings[.]" District courts apply a dual standard of review in bankruptcy appeals. The bankruptcy judge's findings of fact are reviewed for clear error, while conclusions of law are reviewed *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004); *In re Smith*, 286 F.3d 461, 464-65 (7th Cir. 2002).

## DISCUSSION

A. *Mr. Sims Did Not Timely Appeal from the Bankruptcy Court's Order Sustaining Trustee's Objection to Claim No. 6.*

The disposition of a creditor's claim in a bankruptcy is "final" for purposes of appeal. *In re Morse Electric Co.,* 805 F.2d 262, 264 (7th Cir. 1986). Absent an exception, a notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1). A district court doesn't have jurisdiction to hear an untimely appeal. *See In re Sykes*, 554 F. Appx. 527, 529 (7th Cir. 2014); *In the Matter of Maurice*, 69 F.3d 830, 832 (7th Cir. 1995).

Here, the bankruptcy court entered its order sustaining the Trustee's objection to claim no. 6 on March 5, 2019 [BD 110]. No appeal was filed by Mr. Sims until February 5, 2020—almost a full year after the bankruptcy court's order. Thus, the court lacks jurisdiction to review the bankruptcy court's order sustaining Trustee's objection to claim no. 6.

Because Mr. Sims' due process argument concerns the entry of this order, the court doesn't have jurisdiction to review his due process argument. He never addresses his delay in filing an appeal to the bankruptcy court's order. Accordingly, the court affirms the bankruptcy's court's order sustaining Trustee's objection to claim no. 6.

B. *The Bankruptcy Judge Recused Himself from the Case So There Was No Error for Failing to Recuse.*

Mr. Sims argues that the bankruptcy court erred by failing to grant his motion to recuse the bankruptcy judge. The Bank of New York correctly responds that Judge Dees, in fact, recused from

the proceeding though Mr. Sims' motion wasn't filed in this underlying bankruptcy case against the bank.

On February 27, 2019, Mr. Sim's filed a motion to recuse Judge Dees "from the above entitled matter[.]" ECF 4 at 48. That matter was an adversary proceeding against multiple defendants, but not including the Bank of New York. There is no motion to recuse on the docket of this underlying case. *See* ECF 2-1 at 1-21. Even so, Judge Dees recused himself from this case on March 5, 2019, roughly one week after Mr. Sim's motion to recuse was filed in the related proceeding. ECF 2-1 at 12. From the time Mr. Sims filed the motion to recuse (February 27, 2019) to Judge Dees' recusal (March 5, 2019), no orders were issued [*see* BD 2-1 at 12].

It thus is unclear then what Mr. Sims is appealing. Mr. Sims says the "[s]ubsequent legal actions that occurred involving misconduct of the Bank and its Attorney are rendered null and void by virtue of the Sec 455 violations in this case and therefore the grant of the banks' motion for relief from stay was improper" [ECF 4 at 13]. Judicial acts taken before a motion to recuse may not be later set aside unless a litigant shows actual impropriety or actual prejudice. *See Falconer v. Meehan*, 804 F.2d 72, 79 (7th Cir. 1986). Mr. Sims doesn't identify, or attempt to identify, any actual impropriety or prejudice. While actions taken by a recused judge after recusal is mandated under 28 U.S.C. § 455(a) can be set aside, *id.*, Judge Dees never issued any orders after Mr. Sims' filed his motion. Particularly, Judge Dees didn't issue the order granting the banks' motion for relief from stay. Judge Grant issued that order on January 24, 2020 [BD 184]. Mr. Sims makes no allegations of impartiality against Judge Grant. Thus, on this point, there was no error by the bankruptcy court.

   C.  *The Bankruptcy Court Didn't Abuse its Discretion by Denying the Motion to Continue Trial.*

Decisions concerning discovery, including motions to continue trial, are matters committed to the bankruptcy court's discretion. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000); *Silberman v. Wigod*, 1990 U.S. App. LEXIS 15578, 18 (7th Cir. Sep. 4, 1990).

Here, the bankruptcy court denied Mr. Sims' motion to continue the trial on Bank of New York's motion for relief because it was filed two days before the scheduled trial. The motion for relief was filed on December 27, 2018 [BD 66]. The parties filed a report of their planning meeting that contained a discovery plan allowing for twenty interrogatories, limited requests for production, and two depositions [BD 82]. Mr. Sims had the opportunity to conduct discovery.

A trial on the bank's motion for relief was scheduled for January 23, 2020. Two days before this, Mr. Sims filed a motion to continue based on his purported need for a witness list, a summary of the expected testimony, any exhibits, and a description of the availability of a witness for a deposition [BD 182]. The bankruptcy court denied his motion the next day because "the debtor has had the opportunity to conduct discovery concerning the Bank of New York's motion for relief from stay ever since that motion was filed in October of 2019" [BD 183].

Contrary to Mr. Sims' argument, he was not denied an opportunity to conduct discovery. Both parties agreed on the limitations to discovery. His decision not to utilize the tools available to him is not the bankruptcy court's fault. Even more, if there was good cause to continue the trial, Mr. Sims should have moved far more in advance than two days before trial. The bankruptcy court thus did not abuse its discretion in denying Mr. Sims' motion to continue.

> D.  *The Bankruptcy Court Didn't Abuse its Discretion in Granting the Bank's Motion to Stay Relief.*

A grant of relief from an automatic stay is reviewed for an abuse of discretion. *Bartlett v. Fifth Third Bank*, 619 Fed. Appx. 525, 527 (7th Cir. 2015). Bankruptcy code § 362(d) provides for relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest" and "with respect to a stay of an act against property under subsection (a) of this section, if— (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization[.]"

Mr. Sims argues that the bank's interest was not declining in value because the mortgage balance was $126,257.96 but the bank offered to settle for $198,000—an increase of $71,000. He says the bank was thus adequately protected. The bank disagrees and points out that in schedule A/B, Mr. Sims valued the property at $198,000 [*see* BD 173-6 at 1]. The bank submitted an affidavit that it was owed more than $285,915.05, plus interest accruing [BD 173-3 ¶ 15].

Though it is an appellant's burden to produce a transcript of the parts of the proceedings he deems necessary for appeal, the court doesn't have in front of it the bankruptcy court's explanation for granting the bank's motion for relief. *See* Fed. R. Bankr. P. 8009(b); *Lardas v. Grcic*, 847 F.3d 561, 569 n.3 (7th Cir. 2017) ("We cannot entertain claims that factual findings were clearly erroneous when the party claiming error fails to include in the appellate record the evidence we would need to evaluate the claim."); Fed. R. Bankr. P. 8009(b)(5) ("If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits."). To the extent Mr. Sims argues the bankruptcy court erred in its conclusions of law, he doesn't specify where the court erred or how. Though Mr. Sims proceeds here *pro se*, and the court accordingly takes that into account, it nonetheless remains difficult to discern his argument because he doesn't cite to the bankruptcy court's judgment at all. *See Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852 n.6 (7th Cir. 2002) (perfunctory and undeveloped arguments on appeal are waived).

Even so, Mr. Sims doesn't explain how the bankruptcy court abused its discretion, nor does this court think it did. *See Barlett*, 619 Fed. Appx. at 527. "It is common ground that the 'interest in property' referred to by § 362(d)(1) includes the right of a secured creditor to have the security applied in payment of the debt upon completion of the reorganization; and that that interest is not adequately protected if the security is depreciating during the term of the stay." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988). It is not disputed that the sums due to the bank

7

continue to increase as the property is tied up in his bankruptcy case. Mr. Sims points the court to exhibit 2, a letter from the bank's loan servicer. Nowhere in the letter does the servicer say the bank's interest was not declining [*see* ECF 4 at 73]. In fact, the servicer advised that "interest, payments, credits, and other allowable charges may cause the loan's balance to vary daily" [*Id.*].

Furthermore, the record shows that Mr. Sims was not a borrower under the terms of the note and mortgage so he isn't obligated to make payments to the bank nor can the bank collect from him. In his schedule A/B, Mr. Sims listed the property value at $198,000. The bank says he lacks sufficient income to pay the debt based on his scheduled payment plan. Mr. Sims doesn't argue he has the funds to pay it. He also doesn't say how the property is necessary to an effective reorganization. *See In re Deeter*, 53 B.R. 623, 625 (N.D. Ind. Sept. 16, 1985) ("Property is necessary for an effective reorganization whenever it is necessary either in the operation of the business or in a plan, to further the interests of the estate through rehabilitation or liquidation.").

Thus, the bankruptcy court did not abuse its discretion in determining that the bank's interest is not adequately protected, that Mr. Sims has no equity in the property, and that the property is not necessary for an effective reorganization.

## CONCLUSION

The court lacks jurisdiction to address Mr. Sims' appeal of the bankruptcy court's order sustaining the Trustee's objection to claim no. 6. The bankruptcy court didn't abuse its discretion in denying Mr. Sims' motion to continue trial and granting the bank's motion for relief from the stay. Judge Dees recused without ruling on motions after Mr. Sims made his request. Accordingly, the court AFFIRMS the bankruptcy court's decisions.

SO ORDERED.

October 23, 2020  *s/ Damon R. Leichty*
Judge, United States District Court